■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES TARANGELO, Appellant.— Judgment of Supreme Court, New York County, rendered March 23, 1971, convicting the defendant of petit larceny after trial, and sentencing him to pay a $200 fine or in the alternative to serve one year imprisonment, affirmed. Defendant was charged with the theft of certain merchandise. It became important to determine whether he was assigned, in his capacity as a truck driver, to one specific vehicle; if not so assigned, and he did not know ahead of time which truck would be driven, then it would be an argument in his favor that he did not know that the stolen item was on his truck. We are satisfied that in this trial before the Judge without a jury, guilt was established beyond a reasonable doubt, and the only item of substance on this appeal is whether a letter written by the former manager of his employer, which contradicted his testimony about never being "assigned to a steady truck", was properly before the court. The letter was shown to the defendant on cross-examination, and the testimony involving the letter is set forth in the dissent. The letter was never admitted into evidence, and there was no jury to be prejudiced by its consideration. The court specifically stated that it was used to refresh the recollection of the defendant. (*People* v. *Duffy*, 23 A D 2d 699.) The letter prompted the witness to remember that he did have the truck "a week or two" in succession at one time, and the ruling of the trial court quoted in the dissent clearly came from the testimony. Concur — Kupferman, J. P., Lane and Steuer, JJ.; Murphy, J., dissents in the following memorandum: Defendant, a truck driver, was allegedly seen delivering a carton of merchandise to a storekeeper. The carton was to have been delivered to another consignee,

by a different carrier, and was not properly a part of defendant's regular shipment on the particular day in question. Defendant testified in his own defense and denied any wrongdoing. In order to refute any inference that he stole the merchandise and secreted it on his truck, defendant claimed he was never assigned to any particular vehicle and, therefore, never knew in advance which truck he would drive. On cross-examination he was shown a letter purportedly written by his former supervisor and asked if this letter correctly stated that he had been assigned to the particular truck here involved for several months. The trial record then reveals the following: "'I can't answer to that. I could say I was never assigned a steady truck. That's Mr. Ryan's say-so. You can check the records and check how many months I had that truck. The Court (to the witness): Well, did you have it more than one day in succession? The Witness: Yes. The Court: How many days did you have it in succession in July? The Witness: Maybe a week or two. The Court: A week or two. So isn't it a general fact that you generally drive that particular truck? The Witness: No, your Honor. The Court: No? The Witness: Every day you can get a different truck. The Court: You just said every day you don't get a different truck. You've already said that. You just said you get a truck for a week or two. You had that 600 — The Witness: On their own discretion, they change it around. Q. [by the District Attorney]: Well, is the opening line in the letter correct or incorrect — that you were assigned to Truck 600 for four or five months during that period? A. I don't recall. I will have to look at the records.'" At that point defense counsel objected because the letter was not in evidence. The court ruled: "'I will allow the question. He used the letter to refresh his recollection. The defendant denies it. In fact, the defendant is quite insistent he never drives the same truck, even though in one breath he says he might have driven it four or five days [sic; apparently four or five months] in succession.'" It is thus apparent that this unauthenticated letter, which was marked only for identification and not as an exhibit in evidence, was used to establish the truth of its contents and given independent weight by the fact-finder. Since defendant's testimony does not appear to have been otherwise discredited, I cannot pass off the improper use of this letter as mere harmless error. Accordingly, I would reverse defendant's petit larceny conviction and direct that a new trial be held.